1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10  CONNIE WONG,

11          Plaintiff,                    No. 2:09-cv-0847 JAM JFM PS

12      vs.

13  HOME LOAN SERVICES, INC.,
    et al.,                          FINDINGS AND RECOMMENDATIONS
14          Defendants.

15  _____/

16          Presently calendared for hearing on June 25, 2009, is defendants' motion to

17  dismiss.  Pursuant to Local Rule 78-230(h), the court has determined that the matter will be

18  submitted on the papers without oral argument.  Upon review of the motion and the documents in

19  support and opposition, and good cause appearing therefor, THE COURT MAKES THE

20  FOLLOWING FINDINGS:

21          On March 27, 2009, plaintiff filed a complaint seeking to set or void a foreclosure

22  sale.  Plaintiff concedes she is in default on her mortgages.  (Complt. at 3.)  Plaintiff offers no

23  assurance that she is able to tender her debt to warrant disruption of the non-judicial foreclosure.

24          The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

25  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

26  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

1

1  sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901

2  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

3  relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, ___, 127 S. Ct.

4  1955, 1974 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to

5  grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

6            In determining whether a complaint states a claim on which relief may be granted,

7  the court accepts as true the allegations in the complaint and construes the allegations in the light

8  most favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v.</u>

9  <u>United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

10 stringent standards than formal pleadings drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519,

11 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

12 form of factual allegations.  <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).  In

13 addition, the court may disregard allegations in the complaint if they are contradicted by facts

14 established by exhibits attached to the complaint.  <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265,

15 1267 (9th Cir. 1987).

16           The court is permitted to consider material properly submitted as part of the

17 complaint, documents not physically attached to the complaint if their authenticity is not

18 contested and the complaint necessarily relies on them, and matters of public record.  <u>Lee v. City</u>

19 <u>of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).  Matters of public record include

20 pleadings and other papers filed with a court.  <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d

21 1279, 1282 (9th Cir. 1986).  The court need not accept as true conclusory allegations,

22 unreasonable inferences, or unwarranted deductions of fact.  <u>Western Mining Council v. Watt</u>,

23 643 F.2d 618, 624 (9th Cir. 1981).

24           A defaulted borrower is "required to allege tender of the amount of
   [the lender's] secured indebtedness in order to maintain any cause
25 of action for irregularity in the sale procedure." <u>Abdallah v. United</u>
   <u>Savings Bank</u>, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286
26 (1996), <u>cert. denied</u>, 519 U.S. 1081, 117 S.Ct. 746, 136 L.Ed.2d

                                        2

1    684 (1997). In <u>FPCI RE-HAB 01 v. E & G Investments, Ltd.</u>, 207
     Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California
2    Court of Appeal explained:

3            ... generally "an action to set aside a trustee's sale
             for irregularities in sale notice or procedure should
4            be accompanied by an offer to pay the full amount
             of the debt for which the property was security."....
5            This rule ... is based upon the equitable maxim that
             a court of equity will not order a useless act
6            performed.... "A valid and viable tender of payment
             of the indebtedness owing is essential to an action to
7            cancel a voidable sale under a deed of trust." ... The
             rationale behind the rule is that if plaintiffs could
8            not have redeemed the property had the sale
             procedures been proper, any irregularities in the sale
9            did not result in damages to the plaintiffs. (Citations
             omitted.)
10
11           An action to set aside a foreclosure sale, unaccompanied by an
             offer to redeem, does not state a cause of action which a court of
             equity recognizes. <u>Karlsen v. American Sav. & Loan Assn.</u>, 15
12           Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The basic rule is
             that an offer of performance is of no effect if the person making it
13           is not able to perform. <u>Karlsen</u>, 15 Cal.App.3d at 118, 92 Cal.Rptr.
             851 (citing Cal. Civ.Code, § 1495.) Simply put, if the offeror "is
14           without the money necessary to make the offer good and knows it"
             the tender is without legal force or effect. <u>Karlsen</u>, 15 Cal.App.3d
15           at118, 15 Cal.App.3d 112, 92 Cal.Rptr. 851 (citing several cases).

16   <u>Sitanggang v. Indymac Bank</u>, F.S.B., 2009 WL 1286484 at *2 (E.D. Cal. 2009)(Judge O'Neill).

17           Because plaintiff has been unable to pay her mortgage payments, she has failed to

18   tender amounts owed, and her attempts to set aside the foreclosure are barred.

19           Plaintiff contends that the foreclosure is ineffective because defendants are unable

20   to produce the original promissory notes securing each mortgage.  Plaintiff is mistaken.

21           "If the trustee's deed recites that all statutory notice requirements and procedures

22   required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption

23   arises that the sale has been conducted regularly and properly."  <u>Nguyen v. Calhoun</u>, 105

24   Cal.App.4th 428, 440, 129 Cal.Rptr.2d 436 (2003).  Non-judicial foreclosure under California

25   law has been explained as follows:

26   /////

                                           3

1

> The comprehensive statutory framework established to govern
> nonjudicial foreclosure sales is intended to be exhaustive. . . .  It
> includes a myriad of rules relating to notice and right to cure.  It
> would be inconsistent with the comprehensive and exhaustive
> statutory scheme regulating nonjudicial foreclosures to incorporate
> another unrelated cure provision into statutory nonjudicial
> foreclosure proceedings.

2

3

4

5 Moeller v. Lien, 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994)(explaining California Civil

6 Code §§ 2924-2924.)  California Civil Code § 2924(a)(1) provides that a "trustee, mortgagee or

7 beneficiary or any of their authorized agents" may conduct the foreclosure process.  Id.  Section

8 2924b(4) states that a "person authorized to record the notice of default or the notice of sale"

9 includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person

10 designated in an executed substitution of trustee, or an agent of that substituted trustee."  Cal.

11 Civ. Code § 2924b(4).  "Upon default by the trustor, the beneficiary may declare a default and

12 proceed with a nonjudicial foreclosure sale."  Moeller, 25 Cal.App.4th at 830.

13         "Under Civil Code section 2924, no party needs to physically possess the

14 promissory note."  Sicairos v. NDEX West, LLC, 2009 WL 385855, *3 (S.D. Cal.2009) (citing

15 Cal. Civ.Code, § 2924(a)(1)).  Rather, "[t]he foreclosure process is commenced by the recording

16 of a notice of default and election to sell by the trustee."  Moeller, 25 Cal.App.4th at 830.

17         On April 15, 2009, defendant filed a request to take judicial notice providing

18 copies of title documents filed with the Sacramento County Recorder.  Rule 201(b) of the Federal

19 of Evidence provides

20

> A judicially noticed fact must be one not subject to reasonable
> dispute in that it is either (1) generally known within the territorial
> jurisdiction of the trial court or (2) capable of accurate and ready
> determination by resort to sources whose accuracy cannot
> reasonably be questioned.

21

22

23 Id.  Defendants' request for judicial notice will be granted as these documents are matters of

24 public record.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986) (A court

25 may take judicial notice of matters of public record outside the pleadings on a motion to

26 dismiss.); W. Fed. Sav. v. Heflin, 797 F.Supp. 790, 792 (N.D.Cal.1992) (taking judicial notice of

4

1   documents in a county public record, including deeds of trust).  The court has reviewed these

2   documents and finds no irregularities that preclude non-judicial foreclosure.  The California

3   non-judicial foreclosure procedures set forth in the California Civil Code permit foreclosure upon

4   default; thus, plaintiff's claims must be dismissed.

5           The undersigned has carefully considered whether plaintiff's complaint should be

6   dismissed with leave to amend.  "Valid reasons for denying leave to amend include undue delay,

7   bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics,

8   818 F.2d 1466, 1472 (9th Cir. 1988).  While leave to amend must be freely given, the court is not

9   required to allow futile amendments.  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.

10  Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983).  See also Reddy v. Litton Indus., Inc., 912 F.2d

11  291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th

12  Cir. 1987).  Because plaintiff is not prepared to tender the amounts owed, and the non-judicial

13  foreclosure is properly proceeding under California law, it does not appear that plaintiff can

14  amend the complaint to cure the defects arising from fundamental misconceptions regarding

15  mortgage loan transactions and defendants' power to sell property upon default on the loans.

16  Thus, it would be futile to grant plaintiff leave to amend.  For these reasons, the complaint should

17  be dismissed without leave to amend.

18          Accordingly, IT IS ORDERED that defendants' April 15, 2009 request for

19  judicial notice is granted; and

20          IT IS HEREBY RECOMMENDED that defendants' April 15, 2009 motion to

21  dismiss be granted, and this action be dismissed.

22          These findings and recommendations are submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

24  days after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

1   failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: June 16, 2009.

5   UNITED STATES MAGISTRATE JUDGE

7   /001; wong.mtd

6