IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONNIE WONG,

        Plaintiff,                    No. 2:09-cv-0847 JAM JFM PS

    vs.

HOME LOAN SERVICES, INC.,        ORDER
et al.,

        Defendants.

                              /

        Plaintiff is proceeding pro se. Defendant Home Loan Services, Inc.'s motion to dismiss came on regularly for hearing on October 15, 2009. There was no appearance by plaintiff. Kimberly A. Paese appeared for defendant. Upon review of the motion and the documents in support and opposition, upon hearing from counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        On June 17, 2009, this court issued findings and recommendations recommending that the motion to dismiss filed by defendant First American Loanstar Trustee Services, aka First American Title Insurance Company, be granted. On June 26, 2009, plaintiff filed objections.

        On August 11, 2009, defendant Home Loan Services, Inc. filed a motion to dismiss on the grounds that plaintiff fails to allege facts sufficient to state a claim or cause of action and that the complaint is vague and ambiguous. Plaintiff has filed an opposition to that motion and a request for leave to file an amended complaint. Plaintiff also appended a proposed amended complaint.

1

The court has reviewed the above documents. In her amended complaint, plaintiff has again claimed that defendants are required to produce the original promissory note, citing various sections of the California Commercial Code. However, as noted by defendant, the California Commercial Code is not applicable to non-judicial foreclosure proceedings because California Civil Code Section 2924 et seq. governs such foreclosures. Moeller v. Lien, 25 Cal.App.4th 822, 830 (1994). "Under Civil Code section 2924, no party needs to physically possess the promissory note." Sicairos v. NDEX West, LLC, 2009 WL 385855, *3 (S.D.Cal.2009) (citing Cal. Civ.Code, § 2924(a) (1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." Moeller, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777. An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." Neal v. Juarez, 2007 WL 2140640, *8 (S.D.Cal.2007). Thus, plaintiff's allegations supported by citation to the Commercial Code and her claims concerning failure to produce the original promissory note are unavailing and will be dismissed without leave to amend.

In her amended complaint, plaintiff alleges that the California Code requires lenders to consummate their lending transactions by "assigning" their loans at the time of sale and contends that the substitution of trustee recorded against her property was fraudulent because it was obtained four years after the loan transaction, and assigned the loan after the lender's business was closed. In his reply to plaintiff's opposition, defendant contends plaintiff could not have been defrauded by the claimed assignment because it did not harm plaintiff, and the fact that plaintiff's loan payments may have benefitted someone other than the original lender had no adverse impact on plaintiff.

Plaintiff's citation to "the California Code" is insufficient to state a cognizable claim concerning the alleged wrongful assignment, and plaintiff has failed to plead her claim of fraud with particularity as required by Fed. R. Civ. P. 9(b). In an abundance of caution, plaintiff will be granted leave to file a second amended complaint to more fully assert her claim of fraud.

1 Plaintiff is cautioned that she must set forth the following elements to demonstrate a cause of
2 action for fraud:  (1) a knowingly false representation by defendant; (2) made with intent to
3 deceive or induce reliance by plaintiff; (3) justifiable reliance by the plaintiff; and (4) resulting
4 damages.  Wilkins v. NBC, 71 Cal.App.4th 1066, 1081 (1999.)  If plaintiff chooses to amend the
5 complaint to reallege her claim concerning the wrongful assignment, she must provide the legal
6 authority upon which she is relying in making said allegation.

7 Plaintiff also includes alleged violations of the Truth in Lending Act, 15 U.S.C.
8 § 1601, et seq. ("TILA").  Plaintiff contends that defendants violated TILA because she was not
9 given notice of subsequent assignments of the loan.

10 The declared purpose of TILA is "to assure a meaningful disclosure of credit
11 terms so that the consumer will be able to compare more readily the various credit terms
12 available to him and avoid the uninformed use of credit, and to protect the consumer against
13 inaccurate and unfair credit billing and credit card practices."  15 U.S.C. § 1601(a).
14 Consequently, TILA mandates that creditors provide borrowers with clear and accurate
15 disclosures of borrowers' rights, finance charges, the amount financed, and the annual percentage
16 rate.  See, e.g., U.S.C. §§ 1632, 1635, 1638.

17 As noted by defendant, plaintiff was given notice in the deed of trust that the note
18 might be sold and there could be a change of loan servicer. (Document 31 at 37, ¶ 20.)  Although
19 plaintiff alleges that TILA required she be given notice of any subsequent assignment, defendant
20 contends it is aware of no such provision, and plaintiff did not recite the particular code section
21 upon which she relies to make this allegation.  As presently written, the first amended complaint
22 fails to state a cognizable TILA claim.

23 Finally, plaintiff has alleged a violation of the Real Estate Settlement Procedures
24 Act, 12 U.S.C. § 2601, et seq. ("RESPA").  Plaintiff contends that defendants violated RESPA
25 because they failed to respond to an alleged qualified written request.  (Opp'n at 3.)  As
26 defendant points out, however, such a request is required to be sent to the servicer of the loan.  12

U.S.C. § 2605.  Exhibits to plaintiff's amended complaint demonstrate that plaintiff mailed her qualified written request to the trustee of the deed of trust rather than the loan servicer.  (Document 31 at 60.)  Thus, the first amended complaint fails to state a cognizable RESPA claim.

In light of the above, the court will vacate the June 17, 2009 findings and recommendations.  Defendants' motions to dismiss will be denied without prejudice, and plaintiff's first amended complaint will be dismissed with leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Plaintiff may request that earlier-submitted exhibits be re-appended to the second amended complaint so they are not duplicated in the record.

Plaintiff is cautioned that she should not include any allegation concerning a requirement that defendants produce a promissory note or an original note in any second amended complaint.  Failure to timely file a second amended complaint will result in a recommendation that this action be dismissed.

/////

On November 2, 2009, plaintiff filed a motion for re-hearing on the motion to dismiss. Plaintiff claims she was confused as to the status of her case but did not intend to fail to appear at the October 15, 2009 hearing. In light of the above, no re-hearing is necessary, and plaintiff's motion will be denied.

Accordingly, IT IS ORDERED that:

1. The June 17, 2009 findings and recommendations (#20) are vacated.

2. Defendant's April 15, 2009 motion to dismiss (#14) is denied without prejudice.

3. Defendant's August 11, 2009 motion to dismiss (#29) is denied without prejudice.

4. Plaintiff's complaint (#1) is dismissed.

5. Plaintiff's first amended complaint, appended to her September 30, 2009 opposition (#31), is dismissed with leave to amend. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

6. Plaintiff's November 2, 2009 motion for re-hearing is denied.

DATED: November 12, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; wong.vac